MOORE, Circuit Judge,
dissenting.
The district court held that the Labor Department’s “hot goods” action at issue in this case falls within the Bankruptcy Code’s police powers exception, 11 U.S.C. § 362(b)(4), and thus is not subject to the automatic stay. The majority disagrees, concluding that, based on “the particular facts of this case,” the police powers exception does not apply. Because I do not agree with the majority’s narrow interpretation of the police powers exception, I respectfully dissent. In sum, I do not believe that the “the particular facts of this case” can plausibly be distinguished from other cases — including Sixth Circuit precedents — in which the police powers exception has been held to apply.
In the present case the majority concludes that the Labor Department’s action “incidentally serves public interests but more substantially adjudicates private rights” and thus falls outside of the police powers exception. The action “more substantially adjudicates private rights” because, in the majority’s estimation, this case involves only the recovery of wages owed by the debtor to its employees and thus does not implicate broader public interests. Even the Labor Department’s effort to cast this as a “hot goods” action, i.e., as an action to enjoin the movement of tainted goods in interstate commerce, fails, according to the logic of the majority, as the “hot goods” in question are hospital records and thus not really “goods” at all. Because the records in question will not compete with goods produced in compliance with federal wage and *396 hours standards, the majority reasons that no broader public interest is implicated by the Labor Department’s action. In the majority’s view, then, this is not really a “hot goods” case — for most such actions will fall within the police powers exception, as even the majority concedes — but simply an action by the Labor Department to recover unpaid wages on behalf of particular individuals.
In my view, however, it is irrelevant whether this case involves “hot goods,” because under our precedents the police powers exception would apply even if this were a “pure” § 216(c) suit to recover unpaid wages. In Ohio v. Mansfield Tire & Rubber Co. (In re Mansfield Tire & Rubber Co.), 660 F.2d 1108 (6th Cir.1981), for example, we held that the police powers exception excepted from the automatic stay the efforts of the Ohio commission charged with adjudicating workers’ compensation claims. In that case, we concluded that, for purposes of the police powers exception, there was no distinction between the state of Ohio’s valid exercise of its police powers in enacting workers’ compensation laws and the extension of that power through the administration of such claims. See id. at 1113. We did not require the Ohio commission to demonstrate some clear connection between those claims and a broader public interest — in effect, the commission’s efforts to administer the workers’ compensation claims of particular individuals was sufficient for the action to fall within the police powers exception.
Similarly, in NLRB v. Edward Cooper Painting, Inc., 804 F.2d 934 (6th Cir.1986), we held that an NLRB proceeding against an employer for unfair labor practices fell within the police powers exception to the automatic stay and was thus enforceable despite the employer’s subsequent bankruptcy filing. The employer in that case had engaged in unfair labor practices by unilaterally terminating its collective bargaining agreement with its three employees. See id. at 937. The NLRB order at issue mandated, inter alia, the reinstatement of one of those employees with back pay. See id. at 937-38. Nevertheless, we held that this proceeding satisfied the “public policy” test purportedly applied by the majority in the present case. See id. at 942. We did not require the NLRB to demonstrate the potential effects of the challenged unfair labor practice on broader public interests, which, given the small number of employees involved would have been difficult. Instead, we merely required that the agency’s exercise of its regulatory powers be related to the declared public policies supporting those powers. This was the case even though the actual benefits derived from the proceeding would flow to particular individuals.
Other circuits have reached similar conclusions. In EEOC v. Rath Packing Co., 787 F.2d 318 (8th Cir.), cert, denied, 479 U.S. 910, 107 S.Ct. 307, 93 L.Ed.2d 282 (1986), for example, the Eighth Circuit held that the police powers exception to the automatic stay applied to a Title VII action, even though such actions are clearly brought “at the behest of and for the benefit of specific individuals.” See id. at 325 (quotation omitted). The majority cites Rath Packing and even recognizes that, given such precedents, “many cases will be close.” But the majority completely avoids explaining how the present case can be distinguished from that at issue in Rath Packing. Indeed, under the majority’s version of the police powers exception, Rath Packing (as well as any number of other cases) would likely have been decid *397 ed the other way.[1]
At the same time, the majority is correct to note that all government actions are not covered by the police powers exception to the automatic stay. Thus, in Missouri v. U.S. Bankruptcy Court, 647 F.2d 768 (8th Cir.1981), cert. denied, 454 U.S. 1162, 102 S.Ct. 1035, 71 L.Ed.2d 318 (1982), the Eighth Circuit held that the State of Missouri’s efforts to interfere with the bankruptcy court’s jurisdiction over the actual property of the debtor by means of the state’s grain laws did not fall within the police powers exception. See id. at 776. Based on the legislative history and case law, the Eighth Circuit stated that “the term ‘police or regulatory power’ refers to the enforcement of state laws affecting health, welfare, morals, and safety, but not regulatory laws that directly conflict with the control of the res or property by the bankruptcy court.” Id. Thus, this case provides guidance as to when the police powers exception to the automatic stay does not apply — i.e., when government action, brought pursuant to the police or regulatory powers of a state or the federal government, is not related to the enforcement of laws affecting health, welfare, morals, or safety, such as when the action is actually brought to interfere with the jurisdiction of the bankruptcy court. In effect, I believe that the majority’s discussion of the public policy test narrows the test considerably, and I find this infringement upon the lawful authority of state and federal agencies in favor of vesting increased power in the bankruptcy courts particularly troubling. Cf. Board of Governors of the Federal Reserve Sys. v. MCorp Fin., Inc., 502 U.S. 32, 40, 112 S.Ct. 459, 116 L.Ed.2d 358 (1991) (commenting that, in deciding a case under the police powers exceptions, a proposed interpretation was “problematic, both because it conflicted] with the broad discretion Congress has expressly granted many administrative entities and because it [wa]s inconsistent with the limited authority Congress has vested in bankruptcy courts”).
Thus, a number of courts, including this one, have held that the police powers exception to the automatic stay applies where, in the majority’s words, the government agency’s “suit serves little public purpose other than a general interest in seeing law enforced,” at least where the law at issue is related to health, welfare, morals, or safety. The wage and hours laws at issue in this case are related to such concerns, and thus the majority’s holding cannot be reconciled with many precedents — including our own — interpreting and applying the public policy exception to the automatic stay. For this reason, I respectfully dissent.

. See, e.g., Eddleman v. Dep’t of Labor, 923 F.2d 782 (10th Cir.1991) (holding that Labor Department action brought to recover unpaid wages under the Service Contract Act fell within the police powers exception to the automatic stay), overruled on other grounds by Temex Energy, Inc. v. Underwood, Wilson, Berry, Stein & Johnson, 968 F.2d 1003 (10th Cir. 1992). See also Eddleman, 923 F.2d at 791 n. 12 (collecting similar cases).